UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX MARTINEZ,<br><br>    Petitioner,<br><br>    v.<br><br>WARREN MONTGOMERY,<br><br>    Respondent. | No. 2:17-cv-2194 KJN P<br><br>ORDER |

I. Introduction

    Petitioner, a state prisoner proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and paid the filing fee. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner filed a motion for stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines"). (ECF No. 2.) As set forth below, petitioner's motion is granted.

II. Petitioner's Arguments

    Petitioner concedes that he has not exhausted the claims raised in the instant petition. (ECF No. 1-1 at 12.) Petitioner argues there is good cause for his failure to exhaust because habeas counsel was not retained until May 18, 2017, and, following counsel's investigation; "exhaustive review" of the over 800 page trial record; meetings with multiple experts regarding complex medical issues, and petitioner; legal research; and preparation of the habeas petition,

1

counsel filed the petition on September 11, 2017. (ECF No. 2 at 4.) Moreover, due to California's discretionary standard in determining the timeliness of a state habeas petition (In re Clark, 5 Cal. 4th 750 (1993)), petitioner seeks to stay his habeas petition while he continues to exhaust his claims in state court. Petitioner argues that this claims are "potentially meritorious," as explained in the petition. (ECF No. 2 at 5.) Petitioner states he has not engaged in any intentional dilatory litigation tactics, and argues that a stay will preserve this court's judicial resources, allow the state court to address the constitutionality of petitioner's conviction, and prevent piecemeal litigation.

III. Applicable Law

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.[1] The Supreme Court made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay under Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78. District courts are also permitted to stay fully unexhausted petitions under Rhines. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).

////

---

[1] A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

IV. Discussion

    A. Good Cause

"The case law concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citing Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.")) The Supreme Court has addressed the meaning of good cause only once, stating in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278).

The Ninth Circuit has provided limited guidance. Under Ninth Circuit law, the "good cause" test is less stringent than an 'extraordinary circumstances' standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). However, a petitioner cannot establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008). Ineffective assistance of post-conviction counsel can constitute good cause for a Rhines stay. Blake v. Baker, 745 F.3d at 983. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84. Recently, the Ninth Circuit held that a total absence of post-conviction counsel will constitute good cause. Dixon, 847 F.3d at 721.

Here, following denial of his petition for review, petitioner was without counsel until May of 2016, when he retained counsel to represent him during his collateral challenges. Further, the expert evidence suggests the case was complex, and the alleged ineffective assistance of both trial and appellate counsel, all demonstrate good cause for his failure to earlier file his petition.

    B. Potentially Meritorious Claims

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722 (quoting

Rhines, 544 U.S. at 277). A claim is "plainly meritless" only if "it is perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). A petitioner satisfies this showing by presenting a "colorable" claim. Dixon, 847 F.3d at 722; Lucas v. Davis, 2017 WL 1807907, at *9 (S.D. Cal. May 5, 2017) (citing Dixon and using the "'colorable claim' standard to analyze whether a claim is 'plainly meritless.'").

Here, petitioner's unexhausted claims are not plainly meritless. Indeed, petitioner's expert provided a medical report reflecting that the victim's eye injury was "very superficial," and in most cases heals "without significant long-term consequences." (ECF No. 1-2 at 55-56.) Such evidence may seriously undermine petitioner's conviction of attempted aggravated mayhem and attempted mayhem because the jury was required to find as follows:

First:

> (1) The defendant unlawfully and maliciously disabled or disfigured someone permanently, or deprived someone else of a limb, organ or part of his/her body;
>
> (2) The defendant intended to permanently disable or disfigure the other person, or deprive him/her of a limb, organ or part of his/her body; and
>
> (3) Under the circumstances, the defendant's act showed extreme indifference to the physical or psychological well-being of the other person.

(Cal. Pen. Code § 205) (for aggravated mayhem).

Second: Putting out someone's eye, or injuring someone's eye in a way that makes the eye useless for the purpose of ordinary sight. (Cal. Pen. Code § 203) (for mayhem).

Here, defense counsel failed to investigate possible medical defenses, choosing instead to rely on the prosecution's report.[2] Had defense counsel obtained such medical report, he could have argued that the victim's injuries were the "result of a scuffle, perhaps an ordinary fistfight" (ECF No. 1-1 at 28), and would show it unlikely petitioner intended to permanently disable or disfigure the victim. Further, the only evidence suggesting petitioner intended to damage the

---

[2] Defense counsel stipulated to the summary of the victim's injuries set out in the prosecution's medical report, which stated: "[T]he victim . . . suffered a 1 centimeter superficial laceration of his right eyelid, bilateral corneal abrasion to his eyes, and had mild oozing of fluid from his eyes as a result of the corneal abrasion." (ECF No. 1-1 at 13.)

4

victim's eye came through the testimony of the only two eyewitnesses, Dyer and Rueles. Petitioner argues that such witnesses were not properly subject to cross-examination because evidence of their bias and lack of credibility was not admitted. (ECF No. 1 at 30, 33.)

In view of the limited record before the court at this stage of the proceedings, this court cannot conclude that such claims are plainly without merit. A failure by trial counsel to investigate, properly cross-examine, and present mitigating evidence may constitute ineffective assistance of counsel. See Rompilla v. Beard, 545 U.S. 374, 392-93 (2005); Wiggins v. Smith, 539 U.S. 510, 522-23 (2003); Lord v. Wood, 184 F.3d 1083, 1093 (9th Cir. 1999) ("A lawyer who fails to investigate, and to introduce into evidence, information that demonstrates his client's factual innocence, or that raises sufficient doubts as to that question to undermine confidence in the verdict, renders deficient performance."). If petitioner can prove such allegations, a court could find that his constitutional rights were violated by ineffective assistance of counsel. Because such ineffective assistance of counsel claims are "colorable," see Cassett, 406 F.3d at 623-24, and not plainly meritless, this prong of Rhines is satisfied.[3]

### C. Intentionally Dilatory Tactics

Finally, as a third factor to consider, the Supreme Court stated that "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Rhines, 544 U.S. at 278. Here, there is no evidence of intentionally dilatory litigation tactics. Indeed, petitioner is currently pursuing his state court remedies even while this action has been pending. Thus, petitioner is expeditiously exhausting his state court remedies as to the ineffective assistance of counsel claims.

That said, petitioner is cautioned that he must not delay in pursuing his state court remedies in the court of appeal and the California Supreme Court. Continuous tolling under 28 U.S.C. § 2244(d)(2) -- commonly referred to as interval or gap tolling -- is available only if a prisoner acted promptly in seeking relief at the next state court level. See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo, 544 U.S. 408, 413-14 ) (2005).

---

[3] The discussion of the potential merit of petitioner's unexhausted claims is not a determination of the merits of such claims.

V. <u>Conclusion</u>

For all of these reasons, petitioner's motion for stay is granted. While the court grants petitioner's motion for stay, petitioner is cautioned that he must promptly seek to lift the stay once the California Supreme Court addresses his petition. <u>Rhines</u>, 544 U.S. at 278 (District courts must "place reasonable time limits on a petitioner's trip to state court and back."). Thus, petitioner is directed to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving his unexhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay and abeyance (ECF No. 2) is granted;

2. Petitioner is directed to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving petitioner's unexhausted claims; and

3. The Clerk of the Court is directed to administratively terminate this action.

Dated: November 7, 2017

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mart2194.stay